UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **Jerry Thomas**, | |
| Plaintiff, | Case No. |
| v. | |
| **Healthcare Revenue Recovery Group, LLC**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Jerry Thomas** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Healthcare Revenue Recovery Group, LLC.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87

1

(2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Tennessee and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Tennessee.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Knoxville, Tennessee.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 801 Adlai Stevenson Drive Springfield, Illinois 62703.

10. Defendant contracts with clients to contact persons who owe debts to those clients via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies to Defendant or its clients in satisfaction of those debts.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

14. Plaintiff has a cellular telephone number.

15. Plaintiff has only used this phone number as a cellular telephone.

2

Case 3:20-cv-00358-DCLC-HBG   Document 1   Filed 08/13/20   Page 2 of 7   PageID #: 2

16. Defendant repeatedly called Plaintiff on his cellular telephone to collect an alleged consumer debt or debts.

17. Plaintiff did not consent to Defendant's calls.

18. Plaintiff does not own or operate a business or other commercial enterprise and thus cannot owe any business or commercial debts.

19. Because Plaintiff cannot owe any business or commercial debts, the debt must have arisen from a transaction primarily for personal, household, or family purposes.

20. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

21. Plaintiff knew that Defendant was using an automated telephone dialing system and/or pre-recorded voice as its calls began with a prerecorded message before a live caller came on the line.

22. Defendant's calls were not made for "emergency purposes."

23. Since a live person never came on the line Plaintiff was unable to tell Defendant to stop calling and instead registered with the Do Not Call Registry.

24. Defendant has been on the Do Not Call Registry since November 26, 2019.

25. Since Defendant knew its calls were unwanted and that Plaintiff wanted it to stop calling, all calls could have only been made for purposes of harassment.

26. Despite Plaintiff being on the Do Not Call Registry, Defendant persisted in calling Plaintiff.

27. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

28. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

31. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

32. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff.

33. Because Plaintiff was on the Do Not Call Registry, Defendant's repeated calls to Plaintiff had the natural consequence of harassing, oppressing, abusing, and annoying Plaintiff, and Defendant intended that its actions have these consequences.

## COUN T II
## **DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)**

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has

4

the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendant's calls were not made for "emergency purposes."

24. Defendant's calls to Plaintiff's cellular telephone were made without any prior express consent.

25. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since November 26, 2019.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National

Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since November 26, 2019.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Jerry Thomas**, respectfully prays for judgment as follows:

   a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

   b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

   c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

   d. All actual damages Plaintiff suffered (as provided under 47 U.S.C. §227(b)(3)(A));

e. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

f. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

g. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

h. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Jerry Thomas**, demands a jury trial in this case.

Respectfully submitted,

Dated: 08/13/2020

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 267-468-7660
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com