# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JERRY THOMAS, | ) CIVIL ACTION NO. 3:20-CV-358 |
| | ) JURY DEMAND |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| HEALTHCARE REVENUE | ) |
| RECOVERY GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## HRRG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Healthcare Revenue Recovery Group, LLC ("HRRG" or "Defendant"), submits the following as its Answer and Affirmative Defenses to Plaintiff's Complaint:

## INTRODUCTION

1. Concerning the allegations in Paragraph 1 of the Complaint, HRRG admits only that Plaintiff purports to bring this action pursuant to the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act, but it affirmatively denies any alleged violation of either Act.

## JURISDICTION AND VENUE

2. Concerning the allegations in Paragraph 2 of the Complaint, HRRG admits this Court has subject-matter jurisdiction but denies the alleged events and/or omissions giving rise to the claims made in Plaintiff's Complaint.

3. Concerning the allegations in Paragraph 3 of the Complaint, HRRG admits this Court has subject-matter jurisdiction but denies the alleged events and/or omissions giving rise to the claims made in Plaintiff's Complaint.

4. Concerning the allegations in Paragraph 4 of the Complaint, HRRG admits this Court has personal jurisdiction over Defendant in this particular lawsuit but denies the alleged events and/or omissions giving rise to the claims made in Plaintiff's Complaint.

5. HRRG admits venue is proper.

## PARTIES

6. Concerning the allegations in Paragraph 6 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies same.

7. Concerning the allegations in Paragraph 7 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies same.

8. Concerning the allegations in Paragraph 8 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies same.

9. Concerning the allegations in Paragraph 9 of the Complaint, HRRG denies Healthcare Revenue Recovery Group, LLC maintains an office and further denies that its principle place of business or head office is 801 Adlai Stevenson Drive, Springfield, Illinois, 62703.

10. Concerning the allegations in Paragraph 10 of the Complaint, HRRG admits only that it sometimes uses the telephone, U.S. Mail, and Internet to collect debt, and it denies any remaining allegations in this paragraph.

11. Concerning the allegations in Paragraph 11 of the Complaint, HRRG states such allegations set forth a legal conclusion to which no factual admission or denial is required.

12. Concerning the allegations in Paragraph 12 of the Complaint, HRRG states such allegations set forth a legal conclusion to which no factual admission or denial is required.

13. Concerning the allegations in Paragraph 13 of the Complaint, HRRG states such allegations set forth legal classifications and/or conclusions to which no factual admission or denial is required.

## FACTUAL ALLEGATIONS

14. Concerning the allegations in Paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies same.

15. Concerning the allegations in Paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies same.

16. HRRG denies the allegations in Paragraph 16 of the Complaint.

17. HRRG denies the allegations in Paragraph 17 of the Complaint.

18. Concerning the allegations in Paragraph 18 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies same.

19. Concerning the allegations in Paragraph 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies same.

20. HRRG denies the allegations in Paragraph 20 of the Complaint.

21. Concerning the allegations in Paragraph 21 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies same.

22. Concerning the allegations in Paragraph 22 of the Complaint, HRRG states such allegations set forth a legal conclusion to which no factual admission or denial is required.

23. HRRG denies the allegations in Paragraph 23 of the Complaint.

24. Concerning the allegations in Paragraph 24 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies same.

25. HRRG denies the allegations in Paragraph 25 of the Complaint.

26. HRRG denies the allegations in Paragraph 26 of the Complaint.

27. HRRG denies the allegations in Paragraph 27 of the Complaint.

28. HRRG denies the allegations in Paragraph 28 of the Complaint.

## COUNT I

29. Defendant incorporates its responses to Paragraphs 1 through 28 as if each response were set forth fully in response to Paragraph 29 herein.

30. Concerning the allegations in Paragraph 30 of the Complaint, HRRG states such allegations set forth a legal conclusion to which no factual admission or denial is required.

31. Concerning the allegations in Paragraph 31 of the Complaint, HRRG states such allegations set forth a legal conclusion to which no factual admission or denial is required.

32. HRRG denies the allegations in Paragraph 32 of the Complaint.

33. HRRG denies the allegations in Paragraph 33 of the Complaint.

## **COUNT II**

34. Defendant incorporates its responses to Paragraphs 1 through 33 as if each response were set forth fully in response to Paragraph 34 herein.

35. Concerning the allegations in Paragraph 35 of the Complaint, HRRG states such allegations set forth a legal conclusion to which no factual admission or denial is required.

36. HRRG denies the allegations in Paragraph 23[1] of the Complaint.

37. Concerning the allegations in Paragraph 23 of the Complaint, HRRG states such allegations set forth a legal conclusion to which no factual admission or denial is required.

38. HRRG denies the allegations in Paragraph 24 of the Complaint.

39. HRRG denies the allegations in Paragraph 25 of the Complaint.

40. HRRG denies the allegations in Paragraph 26 of the Complaint.

41. HRRG denies the allegations in Paragraph 27 of the Complaint.

42. HRRG denies the allegations in Paragraph 28 of the Complaint.

## COUNT III

43. Defendant incorporates its responses to Paragraphs 1 through mis-numbered 28 as if each response were set forth fully in response to Paragraph 29 herein.

44. Concerning the allegations in Paragraph 30 of the Complaint, HRRG states such allegations set forth a legal conclusion to which no factual admission or denial is required.

---

[1] Plaintiff mis-numbered paragraphs in the Complaint. HRRG responds to the correspondence paragraph by reference to the paragraph number identified in the Complaint.

45. HRRG denies the allegations in Paragraph 31 of the Complaint.

46. HRRG denies the allegations in Paragraph 32 of the Complaint.

47. HRRG denies the allegations in Paragraph 33 of the Complaint.

48. HRRG denies the allegations in Paragraph 34 of the Complaint.

49. Concerning the allegations in the WHEREFORE clause, and the subsections thereof, following Paragraph 34 of the Complaint, HRRG denies Plaintiff is entitled to any such relief.

## GENERAL DENIALS

50. HRRG denies all allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Healthcare Revenue Recovery Group, LLC, pleading in the alternative and without prejudice to the general denials in its Answer to Plaintiff's Complaint, for its Affirmative Defenses hereby states as follows:

## FIRST DEFENSE

HRRG asserts Plaintiff has not incurred an injury in fact, and Plaintiff does not, therefore, have standing under Article III of the United States Constitution to bring the instant claims.

## SECOND DEFENSE

The alleged misconduct was the result of a *bona fide* error under 15 U.S.C. § 1692k(c) notwithstanding maintenance of procedures reasonably adapted to avoid such error.

## THIRD DEFENSE

To the extent HRRG has made any misrepresentation, which is denied, it was not a "material" false or misleading statement; therefore, Plaintiff's alleged claim is not actionable

under the FDCPA. *Hahn v. Triumph Partnerships, LLC,* 557 F. 3d 755 (7th Cir. 2009); *Donohue v. Quick Collect, Inc.,* 592 F. 3d 1027 (9th Cir. 2010).

**FOURTH DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which HRRG denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of HRRG.

**FIFTH DEFENSE**

Plaintiff's claims are barred for failure to mitigate damages. *See Thomas v. Exxon Mobil Corp.*, No. 07-C-7131, 2009 U.S. Dist. LEXIS 11109, *11 (N.D. Ill. February 11, 2009) ("[W]here discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts.")

**SIXTH DEFENSE**

Plaintiff lacks standing and/or capacity to either bring or maintain this action, or to obtain the relief sought because, *inter alia*, (1) Plaintiff does not fall within the definition of a "debtor" under the FDCPA; (2) Plaintiff did not incur obligations for personal, family, or household purposes, and therefore did not incur a "debt" under the FDCPA; and (3) Plaintiffs has not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether Plaintiff seeks only statutory damages. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

***JURY DEMAND***

Healthcare Revenue Recovery Group, LLC demands trial by a jury on all issues triable by a jury.

WHEREFORE, having answered Plaintiff's Complaint, Healthcare Revenue Recovery Group, LLC respectfully requests that all claims be dismissed and that judgment be entered in its

7

favor for costs, expert witness fees, attorneys' fees, and such other relief as this Court deems appropriate.

Dated: September 25, 2020

Respectfully submitted,

By:   GORDON REES SCULLY MANSUKHANI, LLP

*/s/Julie-Karel Elkin*
Julie-Karel Elkin, BPR 17231
3401 Mallory Lane, Suite 120
Franklin, Tennessee 37067
Phone:  (615) 772-9000
jkelkin@grsm.com

Attorney for Defendant
Healthcare Revenue Recovery Group, LLC

**CERTIFICATE OF SERVICE**

       The undersigned, an attorney, states that on September 25, 2020, a true and complete copy of the filed foregoing document was served upon the below attorneys by filing same electronically with the United States District Court, Eastern District of Tennessee, via the CM/ECF electronic filing system.

                             *<u>Attorney for Plaintiff</u>*
                             Amy L. Bennecoff Ginsburg
                             Kimmel & Silverman, P.C.
                             30 East Butler Pike
                             Ambler, PA  19002
                             Phone: (267) 468-7660
                             teamkimmel@creditlaw.com

                                        Signed: */s/Julie-Karel Elkin*_____
                                              Julie-Karel Elkin

9

Case 3:20-cv-00358-DCLC-HBG   Document 13   Filed 09/25/20   Page 9 of 9   PageID #: 32